UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


STEVEN SUMMER and LORAINE
SUMMER, his wife

    Plaintiffs

v.                        Civil Action No.: 2:05-0623

CARELINK HEALTH PLANS, INC.,
SCOTT L. SPRADLIN, D.O., in his
capacity as Director of Carelink
Health Plans, Inc., COVENTRY
HEALTH CARE, INC. and COVENTRY
HEALTH PLAN of WEST VIRGINIA, Inc.

    Defendants


<u>MEMORANDUM OPINION AND ORDER</u>


      Pending before the court is (1) defendants' motion, filed September 1, 2005, seeking dismissal of plaintiffs' claims, and (2) plaintiffs' motion, filed May 15, 2006, seeking attorney fees and costs.


I.


      Plaintiff Loraine Summer is insured under a certificate of insurance issued to the employer of plaintiff Steven Summer by defendant Coventry Health Care, Inc. and Coventry Health Plan of West Virginia, Inc. (collectively "Coventry").  (Compl. at ¶ 10.)

1

The insurance product at issue is administered by defendant Carelink Health Plans, Inc. ("Carelink").  (Id. at ¶ 11.)

At some time prior to the fall of 2004, Mrs. Summer was diagnosed with atypical neuropathic facial pain, and her treating physicians believed the surgical implantation of a Medtronic Synergy system, a motor cortex stimulation device, was necessary for treatment.  (Id. at ¶¶ 12-18.)  In the fall of 2004, she sought approval and pre-certification for the surgery from Carelink; however, Carelink denied the request, contending the procedure was excluded from coverage inasmuch as it was "experimental and investigational" under the certificate of insurance.  (Id. at ¶ 21-22; Defs.' Memo. in Supp. of Mot. to Dis. at 3.)  Plaintiffs sought review of the denial, and Carelink submitted Mrs. Summer's request to independent physicians for an external review.  (Id. at ¶ 22-23.)  According to Carelink, the physicians' opinions supported its conclusion that the requested procedure was "experimental and investigational." (Defs.' Memo. in Supp. of Mot. to Dis. at 3.)

Plaintiffs then brought an administrative complaint before the Insurance Commissioner of the State of West Virginia ("Commissioner") and on April 19, 2005, a hearing was held. (Compl. at ¶¶ 31-33.)  Applying West Virginia law, the hearing

2

examiner recommended that Carelink be required to provide coverage for the requested procedure. (Defs.' Memo. in Supp. of Mot. to Dis. at 3.)  The Commissioner adopted the recommendation of the hearing examiner in an order entered on June 9, 2005. (Compl. at ¶ 38.)

On July 8, 2005, Carelink appealed the Commissioner's order to the Circuit Court of Kanawha County pursuant to the administrative review procedures contained in West Virginia Code §§ 33-2-14 and 29A-5-4 contending in essence that the hearing examiner erroneously applied West Virginia law, rather than the law of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  On September 2, 2005, Judge Bloom, the state circuit court judge, entered an order denying Carelink's appeal. (Final Order, attached as Ex. D to Defs.' Memo.)  Having lost the appeal, Carelink subsequently authorized the service requested by Mrs. Summer.  On September 9, 2005, plaintiffs filed a petition for attorney fees and costs, and by order dated September 30, 2005, Judge Bloom denied the petition.

On July 11, 2005, prior to both the resolution of the appeal in the state circuit court and Carelink's authorization of the requested service, the plaintiffs instituted this action in

the Circuit Court of Kanawha County.[1]  Under Count I of the
complaint, plaintiffs allege the defendants failed to comply with
the Commissioner's order to provide coverage.  Count II contends
defendants violated the West Virginia Unfair Trade Practices Act.
In Count III plaintiffs assert that defendants breached the
contractual and common law duty of good faith and fair dealing.
Count IV opaquely alleges violations of "a duty under federal law
pertaining to the handling of medical insurance claims."  The
plaintiffs seek an order affirming the Commissioner's decision,
costs related to the surgical procedure, costs and attorney fees
related to this litigation, and general damages for the wrongful
denial of insurance benefits.

        Defendants removed the case to this court on August 2,
2005.  In their notice of removal, defendants assert the
plaintiffs' claims in Counts II-IV are each completely preempted
by ERISA and further maintain the court should exercise
supplemental jurisdiction over Count I.  Plaintiffs subsequently

---

[1]The parties sharply dispute the motivating factor behind
the plaintiffs' institution of this action.  Plaintiffs contend
they were forced to file this action to enforce the
Commissioner's order because they were not originally named as
parties to the circuit court appeal.  Defendants maintain
plaintiffs instituted this action in an effort to usurp the
administrative review process undertaken by Carelink and are
attempting to use their state law claims as leverage to pursue
their attorney fees.

                                4

sought remand and by order dated April 18, 2006, the court denied plaintiffs' motion to remand and directed plaintiffs to respond to defendants' pending motion to dismiss.

In support of their motion to dismiss, defendants contend in essence that the plaintiffs' claims are preempted and to the extent they are not preempted, can be dismissed as moot. Plaintiffs acknowledge that "several of the state law claims appear to be preempted by federal law," but seek to avoid dismissal arguing "the remaining portions of this case involve essentially two components: 1) the benefits owed to Mr [sic] & Mrs. Summer; and 2) attorney fees and costs incurred with having to fight for such benefits." (Pls.' Resp. at 2.)  According to plaintiffs, "[s]ince a binding order requires Carelink to provide the benefits . . . the complaint should merely be converted to a judgment for the plaintiffs by this Court."  (Id.)

## II.

A motion to dismiss for failure to state a claim should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45–46 (1957).  In considering a motion to dismiss, the court should

5

accept as true all well-pleaded allegations and should view the complaint in the light most favorable to the plaintiff.  <u>Mylan Laboratories, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993), <u>cert.</u> <u>denied</u>, 510 U.S. 1197 (1994) (citations omitted); <u>see</u> <u>also</u> <u>Brooks v. City of Winston-Salem</u>, 85 F.3d 178, 181 (4th Cir. 1996).

III.

A.   <u>Motion to Dismiss</u>

Addressing defendants' motion to dismiss, the court turns to the allegations in plaintiffs' complaint.

1.   <u>Count I</u>

In Count I, plaintiffs allege the defendants have failed to comply with the Commissioner's order to provide coverage.  Addressing plaintiffs' motion to remand, this court observed that "inasmuch as subsequent to the plaintiffs' filing of the motion to remand Judge Bloom denied Carelink's appeal and Carelink has agreed to pay for the requested service, and inasmuch further as subsequent to the filing of plaintiffs' reply [to defendants' response to the motion to remand] Judge Bloom has ruled that plaintiffs are not entitled to costs and fees, Count I

6

is moot . . ."  (Memo. Opin. and Order, entered April 18, 2006,

at 10.)  Having found Count I to be moot it should be dismissed.[2]

2.  Counts II and III

Section 502 permits ERISA plan participants to "enforce

[their] rights under the terms of the [ERISA] plan."  29 U.S.C. §

1132(a)(1)(B).  Furthermore, ERISA's civil enforcement provision

provides, in part, that a civil action may be brought by a plan

participant or beneficiary (1) to recover benefits due under the

terms of the plan, (2) to enforce rights under the terms of the

plan, or (3) to clarify rights to future benefits under the terms

of the plan.  Id.  When a state law cause of action is an

alternative means to enforce plan rights, ERISA's § 502 converts

it into a federal claim.  Darcangelo v. Verizon Communications

Inc., 292 F.3d 181, 187 (4th Cir. 2002).  Thus, the court must

---

[2]Plaintiffs have maintained that there is $3,697.00 in
unpaid bills related to the requested procedure which Carelink is
obligated to pay.  Defendants responded maintaining that they
have made payments in accordance with the certificate of
insurance and are uncertain how plaintiffs arrive at the
$3,697.00 figure.  Defendants further note that "[t]here were
some cost sharing amounts in the form of co-insurance associated
with the services that were rendered, [but] these amounts do not
equal $3,697.00."  Plaintiffs did not address the disputed amount
in their reply.  Plaintiffs' counsel, Stuart A. McMillan,
indicated to the court's law clerk on September 14, 2006, that
the entirety of plaintiffs' bills related to the requested
procedure had been paid.

7

treat the state law claim as a federal question claim in a complete preemption case and limit the remedies to those found in § 502.  Id.

A review of the allegations in Counts II and III indicate that plaintiffs' state law claims are challenging the administration of an employee welfare benefit plan.  These claims are entirely dependent upon the existence and administration of an ERISA plan and are alternate enforcement mechanisms for ERISA. Plaintiffs do not suggest otherwise.  ERISA thus completely preempts each of the claims contained in these counts. Darcangelo, 292 F.3d at 195 (a state law breach of contract claim to enforce the terms of a contract that is an ERISA plan is clearly an alternate enforcement mechanism for ERISA and thus is completely preempted); Chapman v. Healther Workers Med Group of West Virginia, Inc., 170 F. Supp.2d 635 (N.D. W. Va. 2001)(Keeley, J.) (plaintiff's claim for "violation of good faith and fair dealing" preempted by both 29 U.S.C. § 1132(a) and 29 U.S.C. § 1144(a)).

The Fourth Circuit has held that if a state law claim seeks remedies that fall within the civil enforcement provision of ERISA, 29 U.S.C. § 1132(a), federal courts should not dismiss the claim but treat it as a federal ERISA claim.  Singh v.

8

<u>Prudential Health Care Plan, Inc.</u>, 335 F.3d 278, 290 (4th Cir. 2003); <u>Darcangelo</u>, 292 F.3d at 195.  However, if the state law claim seeks remedies outside the scope of ERISA's civil enforcement provision, the state law claim should be dismissed. <u>Singh</u>, 335 F.3d at 290.  Inasmuch as plaintiffs' claims in Counts II and III do not seek equitable or other permissible relief under ERISA, Counts II and III are dismissed.

It is noted that Counts II and III seek "damages, including but not limited to reasonable attorney fees and costs, sustained by the [p]laintiffs." (Compl. at ¶¶ 53 and 57.) Damages for failure to pay benefits are not recoverable under ERISA.  <u>Griggs v. E.I. DuPont de Nemours & Co.</u>, 237 F.3d 371, 384 (4th Cir. 2001)(ERISA's civil enforcement provision does not encompass compensatory damages).  Recovery of attorney fees and costs, a permissible remedy under ERISA, will be dealt with below.

### 3.  Count IV

In Count IV plaintiffs allege violations of "a duty under federal law pertaining to the handling of medical insurance claims" and further assert that "[d]efendants violated this duty by knowingly and wrongfully denying coverage for the surgery."

(Compl. at ¶ 59.)  Plaintiffs appear to be asserting that the claim contained in Count IV arises under 29 U.S.C. § 1132. (Pls.' Resp. Memo. at 2.)  Nonetheless, the language employed in the complaint suggests that plaintiffs are contesting defendants' claims handling practices, not the denial of benefits.  Like Counts II and III, plaintiffs do not seek equitable relief permissible under ERISA in this count, but again seek "damages, including but not limited to reasonable attorney fees and costs." (Compl. at ¶ 59.)  As noted <u>supra</u>, damages relating to a failure to pay benefits are not recoverable under ERISA and the attorney fee and costs issue will be addressed below.

Additionally, plaintiffs need not be given leave to amend their complaint to properly assert a claim for equitable relief under 29 U.S.C. § 1132, as such an amendment would be futile.  More specifically, if plaintiffs amended their complaint to seek equitable relief, they would only be entitled to recover benefits under the certificate of insurance and Carelink has already agreed to provide those benefits.  <u>See</u> <u>Morford v. Revere Life Ins. Co.</u>, 702 F. Supp. 603, 604 (S.D. W. Va. 1989) ("[p]laintiff's recovery, pursuant to Section 502(a)(1)(B), must be limited to those benefits, if any, to which she was entitled").  Indeed, plaintiffs acknowledge that they have

10

"received the relief available under § 1132(a)."  (Pls.' Memo. in Supp. of Mot. for Attorney Fees and Costs at 11.)  Thus, even a properly asserted ERISA claim would be moot.  <u>Englehardt v. Paul Revere Ins. Co.</u>, 77 F. Supp.2d 1226 (M.D. Ala. 1999) (observing that defendant had agreed to provide all past benefits due, and finding the parties' cross motions for summary judgment to be moot inasmuch as "there is no further relief that the court can award [p]laintiff on his claim for past benefits").

    B.   <u>Attorney Fees and Costs</u>

      Plaintiffs seek to recover "only those fees and costs incurred from the time of the administrative action before the West Virginia Insurance Commissioner to the present and are in no way requesting fees incurred in exhausting their administrative remedies under the terms of the subject policy of insurance." (Pls.' Memo. in Supp. of Mot. for Attorney Fees and Costs at 1.) Plaintiffs assert that they have "essentially prevailed on an ERISA cause of action under § 1132(a)(1)(B)," but also concede that their "claims for benefits under ERISA may now be moot." (<u>Id.</u> at 4.)  In support of their position that they have prevailed on their ERISA claim, plaintiffs maintain "the state court order has the effect of res judicata as to which party prevailed on the issue of benefits and serves as the predicate on

which this Court may consider the award of reasonable attorney
fees and costs."  (Id. at 7.)  Carelink responds asserting that
(1) plaintiffs have not prevailed on their ERISA claim, (2)
plaintiffs' claim for attorney fees and costs is barred by the
doctrine of collateral estoppel, and (3) even assuming plaintiffs
prevailed in an ERISA action, they are not entitled to their
attorney fees and costs under the test set forth by the United
States Court of Appeals for the Fourth Circuit.  (Defs.' Resp.
Memo. at 1-2.)

          Under 29 U.S.C. § 1132(g)(1), "in any action under this
subchapter . . . by a participant, beneficiary, or fiduciary, the
court in its discretion may allow a reasonable attorney's fee and
costs of action to either party."  While the statute does not use
the term "prevailing party," the United States Court of Appeals
for the Fourth Circuit has interpreted section 1132 as
authorizing an award of attorney's fees only to a "prevailing
party."  See Martin v. Blue Cross & Blue Shield of Va., Inc., 115
F.3d 1201, 1210 (4th Cir.1997) ("[O]nly a prevailing party is
entitled to consideration for attorneys' fees in an ERISA
action.").

          The Fourth Circuit has further recognized that
          [O]ur implied prevailing-party requirement must carry

                              12

> the same meaning as the phrase does when it is an
> explicit part of a fee-shifting statute. "[T]he term
> 'prevailing party' [is] a legal term of art."
> (quoting Buckhannon Bd. & Care Home, Inc. v. West Va.
> Dep't of Health & Human Resources, 532 U.S. 598, 603,
> 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001)). "Our respect
> for ordinary language requires that a plaintiff
> receive at least some relief on the merits of his
> claim before he can be said to prevail. We have held
> that even an award of nominal damages suffices under
> this test." (internal citation omitted).

Griggs v. E.I. DuPont de Nemours & Co., 385 F.3d 440, 454 (4th

Cir. 2004).


The court is unable to conclude that plaintiffs are

entitled to attorney fees and costs as a "prevailing party" in an

ERISA action.  Plaintiffs can only be said to have prevailed in

the state administrative action, in which no ERISA claim was

asserted, where they further sought and were denied their request

for attorney fees and costs.  Indeed, in the order denying

plaintiffs' request for attorney fees and costs, Judge Bloom, the

state court circuit court judge, found that

> [T]his action was not filed as a civil action for
> common law bad faith or as a civil action pursuant to
> ERISA, as codified in 29 U.S.C. § 1132.  This action
> was filed as an administrative appeal pursuant to the
> Administrative Procedures Act found in West Virginia
> Code, § 29A-5-4 et seq. and the judicial review
> provision of the state insurance code found in West
> Virginia Code, § 33-2-14.

(Circuit Court Order at ¶ 1, attached as Ex. D to Pls.' Resp.

Memo.)  In addition to not prevailing on an ERISA claim in the

13

administrative proceeding, plaintiffs have not prevailed in this action as the court will not be awarding plaintiffs any relief on the merits of their ERISA claim.  While the efforts of plaintiffs' counsel in pursuing relief on behalf of Mr. and Mrs. Summer are certainly commendable, inasmuch as plaintiffs are not a "prevailing party" there is simply no basis for awarding fees under section 1132(g)(1).[3]

  Moreover, the court notes that while the determination that plaintiffs are not a "prevailing party" under ERISA extinguishes plaintiffs' claim for attorney fees and costs, it appears that even if the court did find plaintiffs to be a "prevailing party," they would nonetheless be unable to

---

[3] It appears that plaintiffs could have originally brought this action under ERISA, but instead pursued a claim before the West Virginia Insurance Commissioner, under which there is no mechanism for an award of attorney fees.  Also, foregoing an ERISA action may have been a calculated choice as plaintiffs "assumed, and rightfully so, that this route would expedite the process and allow Mrs. Summer the opportunity for the procedure sooner."  (Pls.' Resp. Memo. at 4.)  Indeed, plaintiffs further recognize that had their claim been litigated in federal court the attorney fees and expenses would have been much higher.  Thus, in selecting the claim and forum which governed their action plaintiffs received the benefit of an expedited and less costly proceeding; however, in foregoing an ERISA claim, they also forfeited the opportunity to recover attorney fees and costs under ERISA.  Furthermore, to the extent plaintiffs take issue with Judge Bloom's decision not to award attorney fees and costs, the proper avenue for recourse would be the pursuit of appellate relief in the West Virginia Supreme Court of Appeals.

14

demonstrate that they are entitled to attorney fees and costs
under ERISA. When exercising its discretion to award attorney
fees and costs under ERISA, a court takes into account the
following five factors: (1) degree of opposing parties'
culpability or bad faith; (2) ability of opposing parties to
satisfy an award of attorneys' fees; (3) whether an award of
attorneys' fees against the opposing parties would deter other
persons acting under similar circumstances; (4) whether the
parties requesting attorneys' fees sought to benefit all
participants and beneficiaries of an ERISA plan or to resolve a
significant legal question regarding ERISA itself; and (5) the
relative merits of the parties' positions. <u>Johannssen v.
District No. 1-Pacific Coast Dist., MEBA Pension Plan</u>, 292 F.3d
159, 179 (4th Cir. 2002). The five factors are "not a rigid
test," but rather a general set of guidelines for determining
whether to award fees. <u>Id.</u> None of the factors individually are
"necessarily decisive, and some may not be <u>apropos</u> in a given
case, but together they are the nuclei of concerns that a court
should address in applying" section 1132(g). <u>Quesinberry</u>, 987
F.2d at 1029 (internal citations omitted).

Consideration of three of the five factors, namely, the
degree of the opposing parties' culpability or bad faith, whether

15

the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself, and the relative merits of the parties' positions, indicates that plaintiffs are not entitled to attorney fees and costs.

Addressing the culpability and bad faith factor, the court observes that while defendants did not prevail in the administrative proceeding or appeal, there is no evidence to indicate that it acted in bad faith or engaged in culpable conduct. Carelink did not grant approval and pre-certification for the procedure requested by Mrs. Summer on the ground that it was excluded from coverage as experimental and/or investigational under the certificate of insurance and subsequently received the opinions of two independent physicians who likewise concluded that the procedure was experimental and/or investigational. Indeed, even the hearing examiner noted that only forty-one patients worldwide with conditions similar to Mrs. Summer had undergone the procedure and further noted that there was no published clinical evidence in the United States addressing the use of this procedure to treat Mrs. Summer's condition. Furthermore, after Judge Bloom's decision to award relief, Carelink promptly agreed to provide the requested procedure and

16

did not appeal the decision to the West Virginia Supreme Court of

Appeals.  On these facts, Carelink's position, while it did not

carry the day, does not appear to indicate that defendants

engaged in culpable conduct or acted in bad faith.  See Custer v.

Pan American Life Ins. Co., 12 F.3d 410, 423 (4th Cir.

1993)(observing that a party's legally justifiable position,

while technical and disputed, was not indicative of bad faith

conduct).  An analysis of this factor militates against an award

of fees and costs.

        With respect to the question of whether plaintiffs

sought to benefit all participants and beneficiaries of an ERISA

plan or to resolve a significant legal question regarding ERISA

itself, it is plain that plaintiffs sought benefits only for

themselves and did not seek to resolve any significant legal

question regarding ERISA.  Accordingly, this factor weighs in

favor of declining plaintiffs' request.

        Addressing the relative merits of the parties'

positions, as noted supra, Carelink's position with respect to

coverage was not entirely devoid of merit and this factor also

militates against an award of fees and costs.

        Having observed that three of the five factors weigh in

17

favor of denying plaintiffs' motion for attorney fees the court concludes that even if plaintiffs could be deemed a "prevailing party" under ERISA, they are nonetheless still not entitled to recover attorney fees and costs.[4]

IV.

In view of the foregoing it is ORDERED that (1) defendants' motion to dismiss be, and it hereby is, granted, and (2) plaintiffs' motion for attorney fees and costs be, and it hereby is, denied.

The Clerk is directed to forward copies of this order to all counsel of record.

DATED: September 18, 2006

John T. Copenhaver, Jr.
United States District Judge

---

[4]In the very last line of both their memorandum and reply brief defendants also seek fees and costs pursuant to 29 U.S.C. § 1132(g)(1).  No briefing is provided in support of this request nor have plaintiffs responded to it.  A cursory review of the five factors articulated by our court of appeals indicates that this request is without merit and it is accordingly denied.

18